UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KAREN L. YOUNGBLOOD,** *et al.*,

    **Plaintiffs,**

vs.

    Civil Action 2:10-cv-00160
    Judge Michael H. Watson
    Magistrate Judge E. A. Preston Deavers

**STATE FARM FIRE &
CASUALTY CO.,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Default Judgment (Doc. 14).  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion **WITHOUT PREJUDICE**.

On May 24, 2010, the Court issued an Order directing Plaintiffs to file a status report within fourteen days.  (Doc. 9.)  This Order was prompted by a review of the docket, which revealed that Plaintiffs effected service on Defendants Lender Ltd. and Citimortgage, Inc., and that these Defendants had failed to timely file a responsive pleading.  The Court set forth the foregoing facts in the May 24, 2010 Order, further noting that Plaintiffs had not requested or applied for an entry of default from the Clerk's office.

On June 4, 2010, Plaintiffs filed a Status Report (Doc. 13), notifying the Court that Plaintiffs intended pursue this action and had filed and served a motion for default judgment.  This same day, Plaintiffs filed the subject Motion for Default Judgment (Doc. 14).

The docket fails to indicate, however, that prior to seeking a default judgment, Plaintiffs

first obtained an entry of default as contemplated by Federal Rule of Civil Procedure 55(a). An entry of default is distinct from entry of a default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); S.D. Ohio Civ. R. 55.1(b). By asking only for a default judgment, Plaintiffs have failed to follow the sequential procedure set forth in Rule 55. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d . at 352 ("'Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may *then* enter default judgment.'" (emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

Accordingly, without expressing any opinion as to whether Plaintiffs are entitled to an entry of default or subsequent default judgment, the Court **DENIES** Plaintiffs' Motion for Default Judgment **WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to mail a copy of this order to Defendant Lender Ltd. at 735 Ceramic Place, Suite 220, Westerville, OH 43081, and Defendant Citimortgage, Inc. at P.O. Box 9438, Gaithersburg, MD 20898.

**IT IS SO ORDERED.**

June 7, 2010                                    /s/ *Elizabeth A. Preston Deavers*
                                                           Elizabeth A. Preston Deavers
                                                           United States Magistrate Judge